IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TODD PHILLIPS                                                                                          PLAINTIFF

V.                                         CASE NO. 3:15-cv-00020-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                              DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Todd Phillips filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

**I.   PROCEDURAL HISTORY**

Mr. Phillips protectively filed his applications for DIB and SSI on September 23, 2009. (R. at 96.) He alleged a disability onset date of November 30, 2007.[1] (R. at 96.) He met the insured status requirements of the Social Security Act through June 30, 2012. (R. at 13.) He alleged complications from problems associated with his lower back. (R. at 15.) The Social Security Administration denied Mr. Phillips's claim at the initial and reconsideration levels. (R. at 96.) On September 15, 2011, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 64.) On July 20, 2012, the ALJ issued an unfavorable decision, denying Mr. Phillips's claims. (R. at 93.)

On June 12, 2013, the Appeals Council granted Mr. Phillips's request for review and sent

---

[1]Mr. Phillips claims that he offered to amend his onset date to match his date last insured of June 30, 2012. (Pl.'s Br. 6, ECF No. 11.) However, at the hearing, Mr. Phillips's counsel decided against amending his onset date, and there is no evidence in the record showing that he formally moved to amend it. (R. at 42-43.) Therefore, the alleged onset date is still November 30, 2007.

the case to a different ALJ for further proceedings. (R. at 114.) On September 18, 2013, the new ALJ held a hearing on this matter. (R. at 34.) On October 24, 2013, that ALJ issued an unfavorable decision, denying Mr. Phillips's claims. (R. at 8.) On November 28, 2014, the Appeals Council denied Mr. Phillips's request for review. (R. at 1.)

On January 21, 2015, Mr. Phillips filed a complaint against the Commissioner, appealing the ALJ's denial of DIB and SSI. (Compl. 1, ECF No. 2.) On January 30, 2015, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 12.)

## II.   ADMINISTRATIVE PROCEEDINGS

Mr. Phillips was forty-six years old on the date he was last insured and had earned his GED. (R. at 27, 70.) He had past relevant work as a construction worker I, construction worker II, and a truck driver. (R. at 26.) The ALJ applied the five-step sequential evaluation process to Mr. Phillips's claims.[2] (R. at 12.) The ALJ found that Mr. Phillips satisfied the first step because he had not engaged in substantial gainful activity. (R. at 13.) At step two, the ALJ found that Mr. Phillips suffered from the severe medical impairments of mild degenerative changes in the lumbar spine, emphysema/chronic obstructive pulmonary disease ("COPD") with tight expiratory wheezing in a smoker, minimal coronary artery disease with a prior history of mycardial infarction ("MI") and non-coronary-related chest pain, hypertension, borderline diabetes mellitus, obesity, and

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

hyperlipidemia. (R. at 13.) At step three, the ALJ found that Mr. Phillips did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 14.) Before proceeding to step four, the ALJ found that Mr. Phillips had a residual functional capacity ("RFC") to perform less than a sedentary amount of work. (R. at 14.) Specifically, the ALJ held that he could:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour workday; sit six hours in an eight-hour workday; and push and/or pull 10 pounds occasionally and less than 10 pounds frequently. The claimant would require a "sit-stand option" that would allow either standing or walking for 30 minutes to one hour at a time, and then sitting for 30 minutes at a time.

(R. at 14.) In making the RFC determination, the ALJ found that Mr. Phillips was not credible regarding the persistence and limiting effects of his impairments' symptoms. (R. at 24.) At step four, the ALJ found that Mr. Phillips was not capable of performing his past relevant work. (R. at 26.) At step five, the ALJ determined that there are jobs that exist in significant numbers in the national and local economies that Mr. Phillips can perform, such as a dispatcher or jewelry repairer. (R. at 27.) Therefore, the ALJ found that Mr. Phillips was not disabled. (R. at 28.)

### III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because

substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**IV.   DISCUSSION**

Mr. Phillips argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br. 1, ECF No. 11.) Specifically, he alleges that substantial evidence does not support the ALJ's decision against placing controlling weight on the opinion of one-time examining physician Ron Revard, M.D. (*Id.* at 5.) The Commissioner argues that substantial evidence supports the ALJ's decision. (Def.'s Br. 5, ECF No. 12.)

It is the claimant's burden to prove his RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, the ALJ should rely not only on medical evidence but on all relevant, credible

4

evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

The ALJ's RFC assessment is supported by substantial evidence. The ALJ reviewed the entire record and assessed Mr. Phillips's RFC based on all relevant, credible evidence. (R. at 14.) In doing so, the ALJ properly discounted the medical opinion of Dr. Revard. (R. at 25.) Dr. Revard opined that Mr. Phillips only had the capacity to sit two hours and stand and/or walk for one hour in an eight-hour workday. (R. at 474.) Additionally, he determined that Mr. Phillips could never stoop, crouch, kneel, or crawl. (R. at 474.)

The ALJ found that Dr. Revard's opinion regarding Mr. Phillips's limitations was against the objective findings in his own examination, as well as against the record as a whole. (R. at 25.) At the time of Dr. Revard's examination, Mr. Phillips was not using any medications, he had a regular rate and rhythm of the heart, and there was no indication of significant or chronic cardiac or respiratory symptoms. (R. at 25 (citing R. at 470)). An ALJ may discount a one-time examining physician's opinion when the opinion is inconsistent with the physician's objective findings or with the record as a whole. *Tindell v. Barnhart*, 444 F.3d 1002, 1004-06 (8th Cir. 2006). Substantial evidence supports the ALJ's decision to discount Dr. Revard's opinion as inconsistent with his other findings and with the record as a whole.

Mr. Phillips argues that if the ALJ discounts the opinion of Dr. Revard, he must discount the opinion of the other non-examining consultative examiners. (Pl.'s Br. 13, ECF No. 11.) An ALJ may discount one examiner as being inconsistent with the record as a whole, and give significant weight to other physicians whose opinions are consistent with the record as a whole. *See Tindell*, 444 F.3d at 1004. The weight the ALJ placed on each physician's opinion is free from legal error.

Mr. Phillips's brief may be construed as arguing that the ALJ should have limited his RFC

5

further because he has shortness of breath, emphysema, and other breathing problems. (Pl.'s Br. 11, ECF No. 11.) However, Mr. Phillips was not on medication consistently during the relevant period; he did not have frequent doctors visits; and he was still smoking through his date last insured.[3] He claims that he could not afford medication, but there is no evidence in the record of him being turned away from purchasing medication for being uninsured. *See Riggens v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (discounting a plaintiff's claim of inability to pay for medication when the plaintiff did not seek treatment offered to indigents and plaintiff continued to smoke). He claims that he could not afford to see the doctor, but there is no evidence of him seeing a free clinic or attending the VA Hospital regularly, even though the VA Hospital would arrange for his transportation. *See Brown v. Apfel*, 221 F.3d 1341, at *1 (8th Cir. 2000) (unpublished) (discounting a plaintiff's inability to pay claim when the plaintiff did not seek low-cost or free medical care and could afford to buy cigarettes) (citing *Riggens*, 177 F.3d at 693). Finally, Mr. Phillips's smoking during the relevant period of time constitutes a failure to follow a prescribed course of remedial treatment when his doctors advised him to stop. *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (citing *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997)). In this case, the failure to stop smoking discounts the credibility of Mr. Phillips's allegations regarding his functional limitations from breathing problems. *Id.* Based on these factors, substantial evidence supports the ALJ's RFC assessment.

Mr. Phillips's brief may also be construed as making a step five argument that the ALJ should have asked the vocational expert ("VE") about his emphysema and breathing problems, or any environmental restrictions. When the ALJ's hypothetical question includes all of a claimant's

---

[3] The record from the second administrative hearing shows that Mr. Phillips quit smoking in 2013. (R. at 49.)

6

impairments that are supported by the record and "capture the 'concrete consequences' of those impairments," a VE's answer to the hypothetical question constitutes substantial evidence at step five. *Hillier v. Social Sec. Admin.*, 486 F.3d 359, 365 (8th Cir. 2007) (quoting *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). Here, the ALJ's hypothetical question matched his RFC assessment, which took into account all relevant impairments. Therefore, substantial evidence supports the ALJ's step five determination.

## V. CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 10th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE